IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DIANA MADELEN and ) | |
| GEORGE MADELEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 05-00066-CV-W-GAF |
| ) | |
| ALAN C. DOWNING, ) | |
| KANSAS CITY CHIEFS FOOTBALL ) | |
| CLUB, INC., d/b/a KANSAS CITY ) | |
| CHIEFS and VOLUME SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Presently before the Court is defendant Alan C. Downing ("Downing")'s Motion to Dismiss (Doc. 15) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This action arises out of injuries sustained by Plaintiff Diana Madelen that allegedly occurred at a professional football game between the Kansas City Chiefs and the Denver Broncos on October 5, 2003. In the complaint Plaintiffs claim that Diana Madelen's injuries occurred when she was shoved by Downing during the game while he was returning to his seat. The complaint alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Downing now moves separately to dismiss this action contending that diversity of citizenship does not exist. For the following reasons, Downing's motion is GRANTED.

Section 1332 provides that federal district courts shall have original jurisdiction over all civil actions between citizens of different states where the amount in controversy is in excess of $75,000. 28 U.S.C.

1

§ 1332 (a)(1). In order to maintain an action based upon the diversity jurisdiction granted by Section 1332, there must be complete and total diversity, such that all of the parties on one side of the litigation must be citizens of different states from all of the parties on the other side. Carden v. Arkoma Assoc., 494 U.S. 185, 187 (1990).

In this case, Downing asserts that both he and the Plaintiffs are citizens of the state of Kansas. It is undisputed that both plaintiffs are residents of Overland Park, Kansas. While the complaint alleges that Downing is a citizen of Missouri, Downing has submitted an affidavit attesting that he has been, at all relevant times, a citizen of the state of Kansas residing in Moscow, Kansas. Plaintiffs based their knowledge of Downing's citizenship off of an incident report from the Chief's Security Department which showed Downing's residence to be RR#1 Box 67 Moscow, Missouri 67952. The zip code for Downing's resident, however, is assigned to Moscow, Kansas. Plaintiffs offer no evidence to dispute that Downing resides in Kansas except that Plaintiffs were able to serve a demand letter and notice upon Downing by certified mail sent to the Missouri address. Notwithstanding the fact that the letters carried a Missouri address, this Court finds Downing's receipt of these letters to be unremarkable given the fact that Plaintiffs had affixed the proper Kansas zip code on those letters.

Plaintiffs argue that dismissing Downing from the action at such an early date, prior to discovery would prejudice them in there claims against Downing. Plaintiffs, however, have offered nothing other than overt speculation to controvert Downing's statements from his sworn affidavit that he has resided in Kansas at all times relevant to this litigation. Accordingly, Downing's motion to dismiss is GRANTED.

**IT IS SO ORDERED**.

        <u>/s/ Gary A. Fenner</u>
        GARY A. FENNER, JUDGE
         United States District Court

DATED:   July 11, 2005

3